NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4049
_____

PARKER AVENUE, L.P.,
                                        Appellant

v.

THE CITY OF PHILADELPHIA; THE PHILADELPHIA CITY COUNCIL
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-13-cv-00121)
District Judge: Honorable Harvey Bartle, III
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 23, 2016

Before: McKEE, *Chief Judge*, HARDIMAN, and RENDELL, *Circuit Judges*.

(Filed: September 23, 2016)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Parker Avenue, L.P., appeals the District Court's orders dismissing its amended complaint for failure to state a claim and denying its motion for reconsideration and leave to file a second amended complaint. We will affirm, essentially for the reasons stated by the District Court in its excellent opinion.

I

Parker owns land in the 21st Ward of the City of Philadelphia upon which it has sought to build 48 semi-detached residential units for some 10 years. The proposed development complies with the applicable zoning ordinance and Parker has obtained the necessary approvals and clearances from the City and the Commonwealth. The development has been thwarted, however, by the City Council's failure to pass an ordinance to pave Cinnaminson Street, which would provide the necessary ingress to and egress from the property.

Two bills to pave Cinnaminson Street were introduced in 2007 and referred to the City Council's Committee on Streets and Services, but they were later removed from the agenda. A neighborhood group—the Ridge Park Civic Association—opposed Parker's development plan and persuaded the district's councilwoman and her successor not to support the bills. Although Parker met with the Civic Association and tried to address its concerns, the bills to pave the street were never reintroduced, which has precluded development of the property.

In its amended complaint, Parker lists 39 paving ordinances that were introduced in the last 10 years, 8 of which related to residential development. All of these paving ordinances were passed by the City Council, except for the one to pave Cinnaminson Street. Parker alleges that the City has intentionally treated it differently from other similarly situated landowners without any rational basis. As a result of the City's conduct, Parker asserts that it has been prevented from reasonably using, developing, and enjoying its property.

The District Court dismissed the amended complaint. Parker then moved for reconsideration and for leave to file a second amended complaint, but its motion was denied. Parker filed a timely notice of appeal.[1]

---

[1] After its original complaint was dismissed by the District Court, Parker filed a state court action alleging that the City Council's failure to pave Cinnaminson Street was a de facto taking. The state trial court agreed, but its decision was reversed and vacated by the en banc Commonwealth Court. *Parker Ave. v. City of Philadelphia*, 122 A.3d 483, 485 (Pa. Commw. Ct. 2015). The Commonwealth Court found that "Parker Avenue is not entitled to the ordinances it proposed" and that "the City acted within its discretion by not addressing the ordinances." *Id.* at 488–89. Parker's petition for allowance of appeal was denied by the Supreme Court of Pennsylvania in March 2016. *Parker Ave. L.P. v. City of Philadelphia*, 132 A.3d 460 (Pa. 2016). Contrary to the City's argument, the Commonwealth Court's order did not have preclusive effect as to Parker's constitutional claims because the state court decided the case under Pennsylvania eminent domain law and did not address whether the City violated Parker's federal constitutional rights. *See R & J Holding Co. v. Redevelopment Auth. of Cty. of Montgomery*, 670 F.3d 420, 430 (3d Cir. 2011) (finding no issue preclusion where parties never actually litigated federal constitutional claims).

## II

The District Court had jurisdiction under 28 U.S.C. § 1331, and we have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the dismissal of a complaint for failure to state a claim. *Maiden Creek Assocs., L.P. v. U.S. Dep't of Transp.*, 823 F.3d 184, 189 (3d Cir. 2016). We will affirm an order dismissing claims for failure to state a claim if the complaint lacks sufficient factual allegations, accepted as true, to state a plausible claim for relief. *See* Fed. R. Civ. P. 12(b)(6); *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

## III

Parker raises four arguments on appeal. First, it argues that the District Court applied an impermissibly high plausibility standard. We disagree. The District Court properly applied the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and found that the amended complaint failed to state plausible claims for relief. And as we explain below, the District Court's analysis was not erroneous.

Second, Parker argues that the District Court erred in dismissing its equal protection claim because the Court evaluated its allegations under an improper standard. In order to maintain a "class of one" equal protection claim, a plaintiff must allege that it "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S.

4

562, 564 (2000). The District Court applied this standard, but instead of stating "others similarly situated," it stated "*all* others similarly situated." App. 5 (emphasis added). Parker claims the word "all" suggested the imposition of an "impossible burden" of identifying every other similarly situated party and then demonstrating differential treatment, all without the benefit of discovery. Parker Br. 20–21.

The District Court did not dismiss the equal protection claim, however, for failure to identify *all* other similarly situated landowners. Rather, the District Court dismissed the claim for failure to allege that Parker was treated differently from landowners who were "alike in all relevant aspects." App. 4 (quoting *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008)). Although the amended complaint identified a number of approved paving ordinances, including some for residential developments, it failed to allege whether any of them were opposed by neighbors or local civic groups, as was the paving ordinance for Cinnaminson Street. Nor did the amended complaint allege whether the approved ordinances were similar regarding their locations or surroundings, including with respect to issues such as traffic, noise, density, or size of the residential development. Without more specific facts, Parker has not alleged that these landowners are similarly situated, and has therefore failed to state an equal protection claim.

Third, Parker claims the District Court erred in dismissing its substantive due process claim because the City's failure to authorize the paving of Cinnaminson Street was arbitrary and irrational conduct that "shocks the conscience." This is a difficult

standard to meet, and the amended complaint falls short.[2] Parker concedes, as it must, that the City has the authority to enact ordinances based on competing interests. Nevertheless, it argues that the City acted arbitrarily by acquiescing to a community group opposed to development and failing to enact the requested paving ordinance. As explained by the District Court, however, Parker did not allege irrational and arbitrary governmental conduct. It merely alleged a difference of opinion between a landowner and a civic association over the propriety of paving of a city street. These competing interests of the two sides are for the City to resolve. *See CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 633 (3d Cir. 2013). Far from shocking the conscience, the amended complaint alleges local legislative judgment that appears to be rationally related to the concerns of some constituents. Accordingly, the District Court did not err in dismissing the substantive due process claim.

Finally, we turn to Parker's argument that the District Court erred when it denied its motion for leave to amend. "[A]lthough we review a denial of leave to amend for abuse of discretion, we review the District Court's determination that the amendment would be futile *de novo*." *Maiden Creek Assocs. v. U.S. Dep't of Transp.*, 823 F.3d 184,

---

[2] The City argues that, because this case involves legislative action rather than executive action, the "no rational basis" standard should apply instead of the "shocks the conscience" standard. *See Nicholas v. Pa. State Univ.*, 227 F.3d 133, 139 (3d Cir. 2000). The District Court recognized the distinction and found the alleged conduct neither irrational nor conscience-shocking. Since we agree, we need not explore the difference between the standards.

189 (3d Cir. 2016). The proposed second amended complaint sought to add details about some of the residential developments for which paving bills had been passed, yet did not cure the deficiencies identified by the District Court. The proposed amendments did not, for example, include factual allegations of irrational or arbitrary conduct by the City Council in weighing the competing interests of the civic association and developer. Nor did the amendments allege that any of the other paving bills were either supported or opposed by a local neighborhood association. Because Parker did not cure these deficiencies, the District Court reasonably found that a second opportunity to amend would prove futile. We perceive no error in this determination.

IV

For the foregoing reasons, we will affirm the District Court's orders.